BERTHOLD *et al.*, Plaintiffs in Error, v. McDONALD *et al.*, Defendants in Error.

1. Where there are two confirmations under the act of Congress of March 3, 1807, upon successive days, of the same tract of land to different claimants, the superiority of either title must be determined by the relative merits of the two titles as they stood before the confirmations.

2. A confirmation of a Spanish claim under the act of Congress of March 3, 1807, is not rendered void by reason of the fact that the person in whose name said claim was presented for confirmation, and to whom it was confirmed, had died previously to its presentation for confirmation; the confirmation will enure to the benefit of his legal representatives.

### *Error to St. Louis Land Court.*

This was an action in the nature of an action of ejectment. Plaintiffs assert title to a tract of two by forty arpens under a confirmation by the old board of commissioners to Charles Gratiot. Defendants claim under a confirmation by the same board to one Jeannette. The following facts appeared upon the trial: Charles Gratiot, claiming a tract of two by forty arpens, situate in the Prairie des Noyers, as assignee of Jeannette Floré, presented his claim for confirmation under the act of Congress of March 3, 1807. He produced before the board a report of a survey of said two by forty arpens made in 1788 for one Jeannette; also a deed of transfer of said lots, dated June 11, 1805, purporting to have been executed by Jeannette Floré. The board on the 19th of November, 1811, confirmed said lots

to Gratiot and ordered them to be surveyed conformably to his possession. A claim to said tract of two by forty arpens was filed, in the name of Jeannette, with the recorder of land titles prior to the filing of the claim of Gratiot. On the 20th of November, 1811, the board confirmed the said tract to Jeannette. These confirmations were made under the second section of the act of Congress of March 3, 1807. Evidence was introduced in behalf of defendants, tending to prove that the person named Jeannette, in whose name said tract was confirmed on the 20th of November, 1811, as above stated, was a free negress, who lived in the town of St. Louis, and died there, either before or just after the change of government in the year 1803, leaving one child, Susanne Jeannette; that said Jeannette, and she alone, possessed and cultivated said tract under the Spanish government; that she was never known by any other name than simply Jeannette; that there was not in and about St. Louis, in or before the year 1805, any woman named Jeannette Floré; that there was a woman named Marie Floré, who owned a tract in the Prairie des Noyers of one-half an arpent in front by forty arpens in depth, which lay to the south of and was distinct from the premises in dispute; that neither any person named Jeannette Floré, nor the deceased Charles Gratiot, nor any person claiming under him, had ever cultivated or possessed the tract of which the premises in dispute are a part. Gratiot died April 20th, 1817. Previous to his death the deed which had been made to him in the name of Jeannette Floré, and which had been recorded in 1805, was again recorded with a correction which had been made on the 30th of March, 1817; which correction is made under the hand and seal of Florence Floré; and by it she acknowledged that by error in said deed she had been named *Jeannette Floré*, and that she had executed the deed to Gratiot on the day of its date for the purposes therein contained. Defendants also introduced in evidence a deed of indenture, dated January 13, 1819. This deed was executed by Florence Floré, and by J. P. Cabanne, administrator, and by Victoire Gratiot, widow and ad-

ministratrix of Charles Gratiot. It recited that there was an error in the deed of June 11, 1805, in respect to the " quantity of land sold, the situation, limits, and description of said land, as well as in the name of the said Florence Floré." The deed then proceeds to annul the deed of 1805, and conveys to the heirs and legal representatives of Charles Gratiot, deceased, the tract of one-half by forty arpens in the Prairie des Noyers, situate two and a half arpens south of the Jeannette lot. This tract of one-half by forty arpens was sold in the year 1820, under judicial order, by the administrators of the estate of said Charles Gratiot, and the proceeds appropriated and applied as part of the assets of his estate.

The court, on the motion of defendants, instructed the jury as follows : " If the jury find from the evidence that the tract of land confirmed to Jeannette by the board of commissioners includes the land in controversy, and is the same land which was surveyed for Jeannette by the authority of the Spanish government ; that the said Jeannette and those acting for or under her were the only persons who inhabited, cultivated or possessed the said tract prior to the 20th of December, 1803 ; that the person who executed the deed in the name of Jeannette Floré and filed by Charles Gratiot with the recorder of land titles as one of the evidences of his claim, is not the person for whom the survey of said tract of land was so made, but another and a different person, and that she cultivated and possessed, prior to 20th December, 1803, another and different tract in the same common field, surveyed for her by authority of the Spanish government in the year 1788, embracing no part of the land in controversy,—the jury ought to find for the defendants." This was the only instruction given.

The following instructions asked by the plaintiffs were refused : " 1. If the jury find that Jeannette was dead before the time of filing the claim in her name with the recorder, then the confirmation to her individually was void, and neither the confirmation nor claim can have any effect on the rights of the parties in this case. 2. The confirmation of the tract, of which

Berthold v. McDonald.

the land in controversy is a part, to Charles Gratiot, is in law conclusive as to two facts; first, that he was the true and proper assignee of Jeannette Floré by the deed under which he claimed the land before the board of commissioners; and, second, that he had the oldest and best claim to the land as against every other claimant under the Spanish government. Any subsequent confirmation of the said tract to another person could not defeat that made by Gratiot. 3. The tract confirmed to Charles Gratiot on the 19th of November, 1811, was the same tract described in the Spanish survey for Jeannette, filed and recorded with his claim."

*Drake* and *Field*, for plaintiffs in error.

I. The first confirmation, in point of time, was to Gratiot, and the plaintiffs claiming under him had the elder and better title. (Strother v. Lucas, 12 Pet. 410 ; Bissell v. Penrose, 8 Howard, 317 ; Landis v. Brant, 10 Howard, 348 ; Lebois v. Bramell, 4 Howard, 449 ; Chouteau v. Eckart, 2 Howard, 344.)

II. There was no power in the court below to correct any error on the part of the commissioners in giving the confirmation to Gratiot. Such a power has always been disclaimed by the courts of the United States. Much less ought such a power to be exercised by a state court. (See cases above cited and Blane v. Lafayette, 11 Howard, 112 ; 3 Howard, 720 ; Burgess v. Gray, 16 Howard, 48.)

III. The confirmation to Jeannette (she being dead before any claim made, and in fact before the creation of the board of commissioners) was a nullity. In the case of the death of a claimant during the pendency of the claim before the board, the doctrine of relation will make the confirmation good. So it is understood to have been held, that a claim presented by a living person on behalf of the estate of one deceased is sufficient. But in this case the claim seems to have been made in the name of a person who did not exist when it was made. It is submitted that the proceeding is merely void.

IV. It is of no importance whether the one confirmation or

the other was first surveyed, nor that there appear two surveys of the same land. (McGill v. Somers, 15 Mo. 80.)

V. The circumstance that the lines on the ground were actually only run once, is no impeachment of a survey afterwards adopting the lines thus run. (Kissell v. Public Schools, 16 Mo. 353.)

*Gamble, Geyer* and *Gibson*, for defendants in error.

. I. The confirmation to Jeannette was valid, notwithstanding she was dead when the notice was filed. (Mercier et al. v. Letcher et al.)

II. If the confirmation to Gratiot be regarded as the elder confirmation, it is not conclusive upon Jeannette's representatives. (2 Stat. U. S. 440, secs. 2 and 4.)

. III. Gratiot's is not the elder confirmation. Jeannette's is the elder by relation. (Landes v. Brant, 10 How. 370, 373; Jackson v. McMichael, 3 Con. 75; Crowley v. Wallace, 12 Mo. 145.)

IV. Gratiot's confirmation had no locality, and did not attach to any land without a survey. (West v. Cochran, 17 Howard, 403.)

V. The survey required by the confirmation was to be execu-·ted by the surveyor upon the ascertainment of the fact relating to the possession. (Kissell v. Public Schools.)

VI. The possession was the controlling fact in locating the confirmation. (Page v. Scheibel, 11 Mo. 185.)

VII. The instruction of defendants put the title under the confirmations and survey upon the true ground of possession by Jeannette alone under the Spanish government.

VIII. That the confirmation of Gratiot being without a survey, locating it according to possession of Floré is not the foundation of a recovery.

SCOTT, Judge, delivered the opinion of the court.

This is a case of the first impression in our courts. We have not found one in which there has been in our tribunals a con-

troversy as to the relative merits of two confirmations for the same tract of land under the act of Congress of the 3d of March, 1807.

We are not prepared to acquiesce in the correctness of the assumption that the principle of the case of Landes v. Brant, (10 Howard, 348,) is applicable to that now under consideration. The rule there maintained is, that when the commissioners under the act of Congress of the 3d of March, 1807, for the adjustment of land titles in Missouri, decided in favor of a claim, and issued a certificate accordingly, this decision settled two points, viz : first, that the claimant was the proper person to receive the certificate ; and second, that the title so confirmed was better than any other Spanish title. It is maintained that the commissioners, acting under the act referred to, have confirmed the same tract of land to two different individuals. Hence it may be said of each claimant that he was the proper person to receive the certificate, and that his title, confirmed by the commissioners, is better than any other Spanish title. This being so, it would seem that priority in the act of confirmation, or the relative merits of the two titles, must give the rule for ascertaining which of them shall prevail. We do not consider that the case of Landes v. Brant furnishes any ground by which it can be maintained that the confirmation to Gratiot was a superior title to that conferred on Jeannette by her confirmation. A confirmation under the act of 1807 is conclusive against the United States, and is also conclusive against all those who did not file notices of their claims prior to July 1, 1803 ; for the fifth section of the act of 1807 bars and makes void the rights of all those neglecting so to do. The claim of Clamorgan, which was the subject of litigation in the suit of Landes v. Brant, was confirmed in 1811 ; and being conclusive against the United States, the confirmation was also conclusive against all Spanish claims, notice of which had not been given to the recorder prior to July 1, 1808. It not appearing that any other claim had been preferred to the tract confirmed to Clamorgan, the court was well warranted in employing the lan-

guage used on that occasion; for all other claims to the tract
being void and made of no avail in law or equity, and the con-
firmation being in the language of the act final against the
United States, the court might well say that the claimant was
the proper person to receive the certificate, and that the title so
confirmed was better than any other Spanish title.  How differ-
ent are the circumstances of the case now under consideration
from those of that of Landes v. Brant.  The claim of Jean-
nette was filed with the recorder before that of Gratiot, and was
confirmed by the board only the day after the confirmation made
to him.  Both confirmations were made under the second sec-
tion of the act of 1807; and as by that section no tract was to
be confirmed that was claimed by another, we should regard the
two confirmations as leaving the relative merits of the two titles
as they stood before any confirmation.  The law manifesting
this care for the rights of third persons, there is no warrant for
the inference that the mere circumstance of one claim being ex-
amined and confirmed a day before the other, should give it a
conclusive preference.  In providing that a tract claimed by
any other person should not be confirmed, the law seems to have
contemplated that the commissioners should not decide on the
relative merits of two claims; but, having confirmed both of
them, the question of superiority is left open for the courts.
It must be borne in mind, that, by repeated decisions of the Su-
preme Court of the United States, the legal title or the fee did
not pass from the government by a confirmation of the commis-
sioners under the act of 1807; so this is not the case of an
elder against a junior patent in an action of ejectment, but it is
one presenting the relative merits of two inchoate or equitable
titles.  In the case of Carmichael v. Brisler, (8 Martin, 727,)
there were two confirmations for the same tract of land.  The
court, speaking of the confirmation of the plaintiff, said, "the
confirmation of his claim by the land commissioners had the
effect of perfecting his title against the general government,
but leaves it to its original value when placed in opposition to

Berthold v. McDonald.

the claim and title of an individual. To the same effect is the case of Sanchez and wife v. Gonzales (11 Martin, 212).

From the evidence preserved in the bill of exceptions, to which no objection was taken, it is obvious that the claim of the plaintiffs, in point of equity, can not bear the least examination. In comparison with that of the defendant, it has not the least semblance of justice. The conduct of the mother of the plaintiffs, as administratrix of Joseph Gratiot, a great many years ago, when the details of the transaction were comparatively fresh in the recollection of the parties, in relinquishing all claim to the tract in dispute as originating in mistake, and taking a deed for that really belonging to Floré, must be decisive as to the superiority of the equity of the defendants. Although the mother, by her deed, could not alien the estate of her children derived from their father, and although it may be inoperative for that purpose, yet the transaction is of great force in determining the relative merits of the claims of the two parties. The finding of the facts, embodied in the instruction given by the court, clearly establishes the superiority of the equity of the defendants. Indeed the plaintiffs seem to rely solely on the dry technical point, that their confirmation was prior, in point of time, to that of the defendants ; a view of the case in which we do not acquiesce.

As to the objection taken that Jeannette was dead when the claim was filed in her name, and consequently that the confirmation to her was void, we may remark that the same point was made in the case of Mercier v. Letcher, (22 Mo. 66,) and it was determined that the circumstance of a claim being presented in the name of a dead man, no conveyance from him being shown, did not avoid the confirmation, but that it enured to the benefit of his heirs.

The judgment is affirmed, the other judges concurring.